[No. 2,868.]

## THE PEOPLE OF THE STATE OF CALIFORNIA v. ANDREW JOHNSON and GUNRALL OMEUS.

Confession as Evidence.—The confession of a party, made to a Sheriff arresting him for grand larceny, after being told by the officer that it was useless to deny taking the property, that there was evidence to convict him, and that it would go lighter with him to confess, is not a voluntary confession, and cannot be properly given in evidence.

Idem.—If such a confession be, in substance, repeated before an examining magistrate a few days after the arrest, and reduced to the form of a written statement, the statement is inadmissible as evidence, by reason of its having been originally made under such inducements as to exclude the first confession.

Idem—Presumptions of Law.—The law presumes the subsequent confession to have been made and influenced by the same hopes and fears as the first, and this presumption continues until it be affirmatively established by the prosecution that the influences under which the original confession was made had ceased to operate before the subsequent confession was made.

Appeal from the County Court of the County of Contra Costa.

The facts are stated in the opinion of the Court.

*James Voorhees*, for the Appellants, argued that the statement made before the. magistrate was inadmissible as evidence, because made under inducements held out to the defendants by the Sheriff immediately before their examination. (1 Greenl. Ev., Secs. 219, 222, 225; *People* v. *Ah How*, 34 Cal. 218; 1 Wharton Cr. Law, Sec. 698; *The State* v. *Phelps*, 11 Vermont, 116; *Hector* v. *The State*, 2 Wis. 165; 2 Hawk. 595.)

*Attorney General Jo Hamilton* argued that there was no evidence that the statement was obtained by undue influence.

By the Court, SPRAGUE, J.:

The defendants being on trial for grand larceny, the prosecution called as a witness the Justice of the Peace before whom the prisoners had had a preliminary examination upon the charge, and by whom they had been committed to answer before indictment. The witness having stated that the prisoners were brought before him, as a magistrate, for preliminary examination, "acknowledged that they took the property charged to have been taken," and made a statement, which he reduced to writing, and which they each signed, after it had been carefully read over to them, that "no inducements were held out to said defendants, then or at any time, to his knowledge, to get the confession of defendants, or to induce them to make a statement." The prosecution offered and proposed to read in evidence against the prisoners their statement so taken and reduced to writing by the examining magistrate, to which their counsel objected, until he should have an opportunity to show by other evidence that such statement was made under such influences as to render the same inadmissible as confessions. The Court overruled the objection, and the statement was read in evidence after the Court had further ruled that the

defendants might thereafter introduce any testimony they might have touching the matter of inducements held out to them to make such statement. After the testimony for the prosecution was closed, defendants called Warren Brown, who testified that he was the Sheriff of Contra Costa County, and received the prisoners about six months ago from the Deputy Sheriff, and locked them up; that he had a conversation with them before their examination; Deputy Sheriff Cameron was with them when they made the statement; I did not caution them; there appeared to be three other parties; they did not deny that they took the grain; I told them it was no use to deny the charge; I might have told them it would be better to admit it; this was a few days before their examination; there was a day intervening; I think I told them there was no use fooling about it; they may as well confess, as there was evidence enough to convict them; I think I told them that if they would come in and confess that it would be lighter with them; I made the proposition before they told me about the grain.

This evidence conclusively shows that inducements were held out to defendants by the Sheriff having them in custody, two days before their preliminary examination, to confess. They were told by the Sheriff that it was no use for them to deny taking the property; that there was evidence enough to convict them; that it would go lighter with them to confess. And the evidence of the Sheriff sufficiently shows that, after he had thus threatened and advised the prisoners, they did confess to him; but the purport of such confession does not appear, further than they told him about the grain, and did not deny taking it.

It is very clear that any statements or confessions they may have then made to the Sheriff were not voluntary, and could not properly have been given in evidence against them on the trial. And it is equally clear that if their confession or statement, made before the examining magistrate two

days thereafter, was a repetition of the statement made to the Sheriff, or any material portion of such previous statement, the entire statement or confession made to and before the examining magistrate should have been excluded as evidence, by reason of the same having been originally made under such inducements held out to them as to exclude the first confession. The law presumes the subsequent confessions to have been made and influenced by the same hopes and fears as the first, and this presumption continues until it be affirmatively established by the prosecution that the influences under which the original confession was made had ceased to operate before the subsequent confession was made. (*State* v. *Roberts*, 1 Dev. 259; *Peter* v. *State*, 4 Sm. & Marsh. 3; *State* v. *Gould*, 5 Halsted, 163; *Deathridge* v. *State*, 1 Sneed. 75; 2 Russ. on Cr. 834; 1 Wharton Am. Cr. Law, Sec. 694.)

I am, therefore, of opinion that the statement of the prisoners, made before the examining magistrate, under the circumstances disclosed in this case, were erroneously admitted in evidence on the trial, and that the judgment should, on this ground, be reversed, and cause remanded for a new trial. So ordered.

Mr. Justice WALLACE dissented.