# CHARLESTON.

STATE *v.* PALACE PARSONS

(No. 6153)

Submitted March 11, 1930.     Decided March 25, 1930.

706

W. *Bruce Talbott* and *E. Wayne Talbott,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Palace Parsons, Howard Mayle and Ted Dalton were jointly charged with breaking and entering a chicken house of another, with intent to steal. Palace was tried separately, found guilty and sentenced to the penitentiary for two years. The conviction was based on circumstantial evidence and a confession of guilt by defendant.

The indictment has three counts. The defendant made a general motion to quash. The second and third counts do not contain the names of any of the accused and are consequently invalid. The first count does not fix the date of the crime; but as time is not of the essence of the offense, that omission is of no consequence under Code, chapter 158, section 10. The first count charges that the chicken house was "burglariously" entered. That word may be omitted as surplusage, and the remainder of the count is sufficient under Code, chapter 145, section 13. As the first count is valid, the motion was properly overruled.

The statement of the law governing the admissibility of a confession, in 3 Russel on Crimes (5th Ed.) 478, has been preferred by many courts and is as follows: "But a confession, in order to be admissible, must be free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. * * * A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted." (Page 2157, 7th Ed.)

After quoting the above from Russel, the Supreme Court of the United States said, in *Bram* v. *U. S.,* 168 U. S. 532,

543: "And this summary of the law is in harmony with the doctrine as expressed by other writers, although the form in which they couch its statement may be different. 1 Green. Ev. (15th Ed.) sec. 219; Wharton's Cr. Ev. (9th Ed.) sec. 631; 2 Taylor's Ev. (9th Ed.) sec. 892; 1 Bishop's New Crim. Proc. sec. 1217, par. 4. These writers but express the result of a multitude of American and English cases. * * * The statement of the rule is also in entire accord with the decisions of this court on this subject. *Hopt* v. *Utah,* 110 U. S. 574; *Sparf* v. *U. S.,* 156 U. S. 51, 55; *Pierce* v. *U. S.,* 160 U. S. 365, and *Wilson* v. *U. S.,* 162 U. S. 613."

The defendant says that he is not guilty and that he so informed the officers; that Mr. Bolyard (a deputy sheriff) said to him: "We have all the evidence we want against you, if you don't own to it, the judge will give you ten years in the pen, if you do own to it maybe we will get you off at the reform school for seven or eight months"; and that he signed the statement (confession) because of the representations of Mr. Bolyard. The officer denies this conversation with defendant, and says that no threat or promise was used in obtaining the confession. Under cross-examination the officer does make the following admissions: "I remember telling him (the defendant) we would find it out about him taking the chickens from the evidence we had. * * * I said we have enough, we are going to clear it up, we know who done it. * * * I believe I asked him how old he was. I told him he might be able to get into the reform school." The officer also admits that he had three separate conversations with Palace, at one of which he was asked if he did not want to make a statement (confession).

The defendant was an ignorant boy of sixteen years. He could not even write his own name, signing the confession by mark. Age, education and experience are elements to be considered in determining whether the remarks of the officer influenced the accused. Underhill on Crim. Ev. (2nd Ed.), sec. 128. It is reasonable that the effect of Bolyard's admitted statements was to impress upon the untutored mind of the defendant that the officer had enough evidence to convict him, and that if he confessed he might be sent to the

reform school instead of the penitentiary. We cannot ascertain the part played by the statements of the officer, in prompting the confession. When the representations of one in authority are calculated to foment hope or despair in the mind of the accused to any material degree, and a confession ensues, it cannot be deemed involuntary. This is not an instance of mere adjuration as in the case of Howard Mayle, (decided last week), but of adjuration accompanied by an inducement. The inducement invalidates the confession. Wharton's Crim. Ev. (10th Ed.), sec. 645-b.

This case differs only in detail from that of *People* v. *Johnson,* 41 Cal. 452, in which it was held: "The confession of a party, made to a sheriff arresting him for grand larceny, after being told by the officer that it was useless to deny taking the property, that there was evidence to convict him, and that it would go lighter with him to confess, is not a voluntary confession, and cannot be properly given in evidence." A like case is *People* v. *Wolcott,* 51 Mich. 612, where the court held: "Confessions of guilt are inadmissible when persons, apparently acting by authority, obtain them by making respondent believe that he will be let off easier by making them." See host of authorities cited on p. 615. "By all the opinions, arousing an expectation of clemency by a prosecuting officer will exclude the confession." *Corley* v. *State,* 50 Ark. 305, 311. That expectation was undoubtedly aroused in the breast of defendant by Mr. Bolyard. Therefore the confession should have been excluded. It was a material part of the State's case and the admission was prejudicial error.

Several bits of hearsay evidence were introduced by the State. It is not clear that such evidence was prejudicial to defendant. But if this case be tried again, why transgress the rule against hearsay evidence?

A witness for the State testified that Palace said (subsequent to his indictment) "if he got out of this; I am not going to steal any more chickens to sell." They were not talking of this case at the time, and according to the witness Palace did not say what trouble he referred to and the witness did not understand the reference. This evidence

standing alone is perhaps inadmissible. If the State can show that this charge was the only one against the defendant (for him to get out of) at the date of the alleged statement, it would be admissible. In a dragnet of other evidential objections we find nothing prejudicial to defendant.

Certain instructions given on behalf of the State are subjected to much criticism by defendant's counsel. As the State will doubtless avoid such criticism in the preparation of future instructions, discussion thereof now would be profitless.

The judgment of the lower court is reversed and a new trial awarded the defendant.

*Reversed; new trial awarded.*