**Phillip Charles PEMBERTON, III**

v.

**C. C. PEYTON, etc.**

**Civ. A. No. 5366.**

United States District Court
E. D. Virginia,
Richmond Division.

Sept. 12, 1968.

Phillip Charles Pemberton, III pro se.

Reno S. Harp, III, Asst. Atty. Gen., Virginia, Va., for C. C. Peyton.

## ORDER

OREN R. LEWIS, District Judge.

Phillip Charles Pemberton, III, a prisoner in the Virginia State Penitentiary, has petitioned this Court in forma pauperis for a writ of habeas corpus. He was convicted of arson in the Circuit Court of Prince William County in July 1966 and received a sentence of six years. In the only allegation touching his federal constitutional rights, Pemberton says that his confession was made involuntarily and was inadmissible against him. Pemberton has fully exhausted his available state remedies and the matter is properly before this Court for decision. 28 U.S.C. § 2254.

The transcript of the state court proceeding has been filed herein and made a part of this record.

The record as made in the state court proceeding discloses that the defendant was taken to Winchester, Virginia, some sixty-five miles from his home, for the purpose of taking a lie detector test. The defendant knew, and so advised the officers, that a lie detector test could not be used against him in Virginia courts. There was a warrant of arrest out for the defendant at this time. It was not then served upon him—the state record is not clear whether the defendant knew of the existence of this warrant. The deputy fire marshal did not have knowledge of its existence. The lie detector test was not taken. Instead, the

defendant was interrogated by a deputy fire marshal and a deputy sheriff of Prince William County concerning numerous fires that had been started in Prince William County. A statement was typed by the interrogators and signed by the defendant. It covers the defendant's and another person's participation in numerous fires. The statement further recites that no threats or promises were used against him and it is the truth—that he had been told he did not have to make any statement and that any statement he did make may be used in any court of law. He was also told "I may have a lawyer if I desire and may use the phone to call a lawyer or my family." The defendant did not have a lawyer at that time. He had previously discussed the matter "off the cuff" with a lawyer in his home town and had been told to keep his mouth shut.

The confession in question was taken on June 4, 1965. The defendant was furnished a court-appointed counsel on June 8, 1965. Several hearings were held thereafter re the admissibility of the confession in question—the defendant was sent to the Southwestern State Hospital for mental observation and the case was continued until his mental condition was determined. The trial began June 29, 1966.

■ The admissibility of the confession in question is controlled by the ruling of the United States Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Although this case was not decided until some time after the confession in question was taken, the Supreme Court, in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, ruled that the requirements of Miranda are applicable to all trials beginning after June 13, 1966.

■ The Supreme Court, in reiterating the in-custody requirements of Miranda, stated in Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381:

"To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized."

■ Taking Pemberton sixty-five miles from his home ostensibly for the purpose of taking a lie detector test, when a warrant for his arrest was then outstanding, and subjecting him to questioning instead of taking the lie detector test, is tantamount to "otherwise depriving him of his freedom by the authorities in a significant way."

The Mathis decision goes on to say that the person so held must be given the (Miranda) warnings about his right to be silent and his right to have a lawyer.

■ Miranda requires that an accused must, prior to interrogation, be clearly informed that he has the right to remain silent; that anything he says may be used against him in court; that he has the right to consult with a lawyer prior to any interrogation; that he has a right to have a lawyer present during the interrogation; that, if indigent, a lawyer will be appointed to represent him. Pemberton was informed of the first three of these rights. He was not informed of the last two. Therefore, the confession obtained on June 4, 1965 was not admissible in his trial which began after June 13, 1966. The defendant's conviction and sentence imposed in Commonwealth of Virginia v. Phillip Charles Pemberton, III, Criminal No. 2774, Prince William County, therefore, must be vacated and set aside, and

It Is So Ordered.

The effect of this order, however, is herewith stayed for a period of sixty days to give the Commonwealth of Virginia the right to retry the petitioner absent the use of the said confession, if it so elects. If the retrial be not commenced within the said sixty days, the respondent shall forthwith release the petitioner from further custody.