SHERMAN P. ARTHUR, JR.

*v.*

ARTHUR L. MCKENZIE, *Acting Warden West Virginia State*

*Penitentiary*

(No. 13858)

Decided July 11, 1978.

*H. R. Athey (Deceased), Howard P. Shores* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Paul T. Farrell*, Assistant Attorney General, for defendant in error.

HARSHBARGER, JUSTICE:

Sherman Arthur was found guilty of first degree murder by a Mineral County jury which did not recommend mercy, and on July 9, 1973 was sentenced to be imprisoned for life. His petition for appeal was not granted here, but his petition for habeas corpus, raising for the first time the issues we decide, was granted returnable to the trial court. After a hearing upon the habeas corpus petition the trial court found petitioner not entitled to relief and he appealed to us.

Arthur alleges that two incriminating typed statements, one signed and one not, attributed to him, were admitted in his trial without *in camera* hearing to test whether he gave them voluntarily.

The record clearly discloses the absence of any *in camera* hearing about either statement, and the absence of any request by defendant's counsel for such a hearing. It reflects that when, in the presence of the jury, one of the statements was proposed to be read, Arthur's counsel stated that they had no objection, and the defendant personally stated, "Put it in the record, Your Honor."[1]

Our rule is that the trial court has a mandatory duty, "... whether requested or not, to hear the evidence and to determine in the first instance, out of the pres-

---

[1] We do not discuss whether a defendant may waive an *in camera* hearing about the voluntariness of his statement inasmuch as the point was not assigned or argued by the State.

ence of the jury, the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence, and it is reversible error to fail to follow this procedure. . . ." *State v. Fortner*, 150 W. Va. 571, 148 S.E.2d 669 (1966). *In camera* hearing is constitutionally required about the voluntariness of *any* statements made by defendants, intended to be placed in evidence. *State v. Smith*, ___ W. Va. ___, 212 S.E.2d 759 (1975); *Spaulding v. Warden*, ___ W. Va. ___, 212 S.E.2d 619 (1975). *See also, State v. Johnson*, ___ W. Va. ___, 226 S.E.2d 442 (1976) and *State v. Starr*, ___ W. Va., 216 S.E.2d 242 (1975). as Justice Sprouse wrote in *Spaulding v. Warden, supra*, "This rule of constitutional law is so well established that it calls for little discussion." 212 S.E.2d at 624.

The constitutional error requires that his conviction be voided, and a new trial be given. We find it unnecessary to discuss the other matters raised in the Circuit Court except to note that State's Instructions G and H were fatally defective, violating the principles set forth in *State v. Pendry*, ___ W. Va. ___, 227 S.E.2d 210 (1976).[2]

*Reversed and remanded.*

---

[2] Instruction G: The Court instructs the jury that if the defendant would reduce this crime to voluntary manslaughter, the burden is on him to show to the satisfaction of the jury that at the time he strangled Marilyn Kay Thomas that his mind was in such a condition of passion and hot blood as to temporarily affect his reason and self-control, caused by a very great, sudden, adequate and sufficient provocation, given by the victim, Marilyn Kay Thomas.

Instruction H: The Court instructs the jury that where a homicide is proved, the presumption in this State is that it is murder in the second degree, and the burden is on the State of showing, if it can, that it was murder in the first degree that is, that it was wilfully, deliberately and premeditatedly done; and upon the accused, of showing, if he can, that it was without malice, and therefore only manslaughter, or that he acted lawfully and is therefore not guilty, and in arriving at a verdict in this case as to the degree of guilt, if any, the jury should take into consideration all the evidence, both for the State and defense.