Sherman Paul ARTHUR, Jr., Appellant,

v.

Donald E. BORDENKIRCHER,
Superintendent, West Virginia
Penitentiary, Appellee.

No. 82–6662.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 10, 1983.

Decided Aug. 10, 1983.

Nicholas J. Wallwork, third year law student (Professor Stephen A. Saltzburg, University of Virginia School of Law, Charlottesville, Va., on brief), for appellant.

Silas B. Taylor, Asst. Atty. Gen., Charleston, W.Va. (Chauncey H. Browning, Atty. Gen., Charleston, W.Va., on brief), for appellee.

Before RUSSELL, MURNAGHAN and CHAPMAN, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This case involves an appeal from a denial of a writ of habeas corpus on the issue of whether appellant/defendant was denied the effective assistance of counsel when his counsel consented to the judge's jury instruction that stated the defendant had been convicted by another jury for the same murder but was being retried because his earlier conviction had been reversed on procedural grounds. Finding that the defendant had been deprived of due process of law by such instruction and that such error was not within the harmless error rule, we reverse.

Sherman Paul Arthur, Jr. was convicted of murder in state court by a jury and sentenced to life imprisonment in July of 1973. This conviction was overturned on

appeal by the West Virginia Supreme Court of Appeals, and a new trial was ordered.[1] The presiding judge at the state retrial gave an instruction to the jury that Arthur had been convicted by a jury for the same murder on an earlier occasion and that "this case is now before you today because the Supreme Court of Appeals of the State of West Virginia has reversed this conviction upon procedural grounds and ordered a new trial, . . . ." Defense counsel originally suggested such an instruction, drafted the instruction, and agreed for the court to read the instruction to the jury. The reason given by defense counsel for such an instruction was the need to explain why there was such a long time lapse between the murder and the trial before that jury.

At the trial, Arthur basically admitted committing all of the acts which resulted in the death of his girl friend but relied by way of a defense on the plea of temporary insanity. The retrial resulted in a verdict of guilty of first degree murder with a recommendation of mercy. Review of such conviction was denied. Habeas relief was thereafter denied by the West Virginia Supreme Court in April, 1980.[2] Arthur then filed his habeas claim in the District Court, claiming violation of due process in the denial of effective assistance of counsel at trial. A magistrate concluded that Arthur's petition should be denied and the District Court adopted the magistrate's findings and denied the writ in June, 1982. Arthur noticed a timely appeal and the lower court granted a certificate of probable cause pursuant to Fed.R.App.P. 24(a).

## I.

The applicable standard in determining effective assistance of counsel is whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Marzullo v. State of Md.,* 561 F.2d 540, 543 (4th Cir.), *cert.*

denied, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978) quoting *McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970). Appellant argues persuasively that this standard was not met in the state court prosecution where counsel for the defendant agreed to the instruction with reference to defendant's prior conviction. As aptly stated in *United States v. Williams,* 568 F.2d 464, 471 (5th Cir.1978), "[i]ndeed, we are hard pressed to think of anything more damning to an accused than information that a jury had previously convicted him for the crime charged." Such information was contained in the judge's instruction, due not only to counsel's failure to object but also due to his active efforts. Counsel's explanation at the time notwithstanding, to allow this damaging inadmissible information to be presented to the jury cannot be said to be the result of informed professional deliberation, nor does the appellee so contend.

## II.

Though finding that the instruction was erroneous and not such as an attorney, exercising in the circumstance reasonable competence would have requested, the District Court adopted the magistrate's finding and the appellee's argument that, allowing the instruction in question, was erroneous, such error was harmless under the facts of this case. Unquestionably, error of constitutional magnitude often will not constitute reversible error if the error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). But, as noted in *Chapman,* "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." 386 U.S. at 23, 87 S.Ct. at 827. Examples of error that cannot be harmless include the admission of a coerced confession, denial of

---

1. *Arthur v. McKenzie,* 245 S.E.2d 852 (W.Va. 1978).

2. The right to counsel under the Sixth Amendment has been applied to the states as a due process requirement under the Fourteenth

Amendment. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and *Marzullo v. Maryland,* 561 F.2d 540, 542–43 (4th Cir.), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978).

counsel or lack of an impartial judge, or appeal to racial prejudice.[3]

We find that the error in this case of allowing the jury to receive as its first impression in the case the admitted fact that the defendant had already been convicted of the same crime and that the present jury was to retry the defendant only because the prior conviction was reversed on procedural grounds cannot be considered harmless error beyond a reasonable doubt as required by *Chapman, supra,* 386 U.S. at 23–24, 87 S.Ct. at 827–28, even though the evidence of guilt was great and the defense of insanity tenuous. When the jury heard the judge's instruction, approved by defense counsel, Arthur's chances for a fair trial by an impartial jury were seriously and irreparably prejudiced.

For these reasons, the judgment of the district court is reversed and the case is remanded with directions to the district court to issue the writ unless West Virginia affords appellant a new trial within such reasonable period as the District Court shall prescribe.

REVERSED AND REMANDED.

**3.** *Id.,* 386 U.S. at 23, n. 8, 87 S.Ct. at 828, n. 8; *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *Miller v. State of N.C.,* 583 F.2d 701 (4th Cir.1978).