329 S.E.2d 98

**STATE of West Virginia**

v.

**Charles Edward HARMAN**

**No. 16281.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 29, 1985.

Decided April 12, 1985.

Lary D. Garrett, Garrett & Garrett, Moorefield, for appellant.

Janet Frye Steele, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is a statutory appeal from a juvenile transfer hearing. The defendant below, Charles Edward "Bucky" Harman, was charged with the breaking and entering of the Petersburg Motor Company. A preliminary hearing was held and the court found probable cause to believe that the defendant had committed the crime with which he was charged.

The state subsequently moved to waive juvenile jurisdiction under *W. Va. Code* 49–5–10(a) [1978]. At a transfer hearing held in the circuit court Trooper G.D. Fletcher testified that he obtained an oral statement from the defendant at the Elkins State Police Detachment on or about August 23, 1983. In that statement the defendant admitted that he had hidden some of the money that was taken from the Petersburg Motor Company in his bedroom at his father's house, but he did not admit taking the money. Trooper Fletcher testified that he read the defendant his *Miranda* rights before receiving the statement and that the defendant refused to make a written statement or take a polygraph test about the breaking and entering, but instead wanted to speak to an attorney. The statement was taken after the defendant had been in custody for approximately five days in Florida, and had been extradited back to West Virginia. Trooper Fletcher did not reduce the oral statement to writing but testified solely from memory.

At the transfer hearing, the defendant denied making any incriminating statements to the trooper, and testified that he asked for an attorney approximately six times during the course of the questioning. When the trooper asked him if he had had *Miranda* rights read to him previously, he answered in the affirmative. The defendant also testified that Trooper Fletcher told him the court would be more lenient with him if he admitted committing the crime but if he didn't confess, the court was going to "crack down on [him]."

On October 28, 1983, the circuit court entered an order granting the motion to

transfer the case to criminal jurisdiction. On November 1, 1983, the Grant County grand jury indicted the defendant on the charge of breaking and entering. The court subsequently granted a defense motion to suppress, at his upcoming trial, the oral statement made by the appellant to Trooper Fletcher. The defendant thereafter moved to reconsider the transfer on the basis of newly-discovered evidence, *i.e.*, defense counsel had received information that the defendant had made statements regarding the crime to the prosecuting attorney in a telephone conversation while he was in Florida awaiting extradition and without an attorney present. In his motion the defendant asserted that the statement to the prosecutor formed the basis for and tainted the later statement made to Trooper Fletcher. On January 19, 1984, the court entered an order refusing to modify its previous decision to transfer the case to adult jurisdiction.

*W.Va.Code* 49–5–1(d) [1982] provides that juveniles are entitled to the same procedural rights afforded adults and recognizes the special consideration juveniles require by providing that extrajudicial statements, other than *res gestae*, by a child under sixteen years of age to law-enforcement officials or while in custody, are not admissible unless made in the presence of the child's attorney or made in the presence of and with the consent of the child's parent or custodian who has been fully informed regarding the child's rights.

Clearly these statutory restrictions do not apply to the defendant in this case because he was seventeen years of age. Therefore, we must determine the admissibility of his statement under the general principles governing juvenile confessions. In syllabus point 3 of *State v. Howerton*, 174 W.Va. 801, 329 S.E.2d 874 (1985), we stated:

"[Subject to the provisions of W.Va. Code, 49–5–1(d),] [t]here is no constitutional impediment which prevents a minor above the age of tender years solely by virtue of his minority from executing an effective waiver of rights; however, such waiver must be closely scrutinized under the totality of the circumstances."

Syllabus Point 1, *State v. Laws*, 162 W.Va. 359, 251 S.E.2d 769 (1978).

The juvenile defendant in this case was twice told, once by the prosecuting attorney and once by Trooper Fletcher, that he would be treated leniently if he cooperated and would be incarcerated if he did not. The prosecutor intimated that he would keep him out of jail if he would tell the authorities where to find the money taken in the breaking and entering. The defendant made statements in both instances without the benefit of his attorney being present even though during his interrogation by Trooper Fletcher he requested an attorney approximately six times.

█ In syllabus point 1 of *State v. Burgess*, 174 W.Va. 784, 329 S.E.2d 856 (1985), we stated:

"When the representations of one in authority are calculated to foment hope or despair in the mind of the accused to any material degree, and a confession ensures, it cannot be deemed voluntary." *State v. Parsons*, 108 W.Va. 705, 152 S.E. 745 (1930).

█ Both the prosecuting attorney and the state trooper in this case made representations to the juvenile defendant that were clearly for the purpose of fomenting hope that he could escape punishment for his actions if he confessed. Under the circumstances, we are of the opinion that the court erred in admitting the defendant's statement at his transfer hearing. Without the statement, the evidence failed to show probable cause that defendant committed the crime. We are, therefore, of the view that the circuit court erred in denying the defendant's motion to reconsider the transfer.

Accordingly, the judgment of the Circuit Court of Grant County is reversed and the case is remanded with directions to hold a proper transfer hearing.

Reversed and Remanded.