432 S.E.2d 199

**STATE of West Virginia ex rel. Milton JUSTICE, Defendant Below, Appellant,**

v.

**R.J. ALLEN, Sheriff of McDowell County, Plaintiff Below, Appellee.**

**No. 21364.**

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1993.

Decided June 24, 1993.

promise of lenient treatment and that, under the circumstances, he is entitled to relief. After reviewing the record of the habeas corpus proceedings and the questions presented, this Court agrees with the appellant's assertions. Accordingly, the order of the Circuit Court of McDowell County denying the appellant relief is reversed.

The record shows that the appellant met with the prosecuting attorney of McDowell County after he learned that a grand jury had charged him with violating the controlled substances act. At that meeting, the prosecutor, according to the appellant, assured him that he was not the principal subject of a broad-ranging drug investigation and that he would not be prosecuted if he cooperated with State Trooper J.J. Miller and Deputy Don Hicks, who were conducting the investigation. After receiving this assurance, the appellant cooperated with the officers and gave a written statement in which he admitted that he had illegally sold Dilaudid capsules. The statement also indicated that the appellant had obtained prescriptions for additional Dilaudid tablets from a physician, Dr. Bello, who was an object of the investigation.

After the appellant gave the statement, the prosecuting attorney's office, in spite of the assurances previously given, proceeded to prosecute him. During the prosecution, the statement, which the trial court refused to suppress, was read to the jury and was later sent to the jury room as State's Exhibit No. 1.

J.W. Feuchtenberger, Stone, McGhee, Feuchtenberger & Barringer Bluefield, for appellant.

Sidney H. Bell, Pros. Atty., Welch, for appellee.

PER CURIAM:

This is an appeal by Milton Justice, who has been convicted of delivering a controlled substance, from an order of the Circuit Court of McDowell County denying him habeas corpus relief. The appellant claims, among other things, that he was convicted through the unconstitutional use of an involuntary confession procured by a

At the conclusion of the trial, the jury found the appellant guilty, and after the appellant's original appeal time had expired, he was incarcerated. He was subsequently allowed to make appeal bond, and he filed an appeal with this Court. This Court refused to grant the application for appeal and also refused to grant a reapplication. The Court, in denying the reapplication, noted, however, that the denial was "without prejudice to file a petition for a writ of habeas corpus in the Circuit Court of McDowell County."

The appellant filed a petition for habeas corpus with the Circuit Court of McDowell

County, but he was denied the opportunity to be heard or to present witnesses. He filed another habeas corpus with this Court in March, 1992. This Court referred the matter to the Circuit Court of McDowell County, and after conducting a hearing, the circuit court refused to grant the defendant habeas corpus relief.

It is from the circuit court's last denial of habeas corpus relief that the appellant now appeals.

On appeal, the appellant essentially claims that his confession was obtained by promises of leniency and that under the law it must be deemed to be a constitutionally inadmissible, involuntary statement. He also claims that he is entitled to relief from his conviction since his conviction was based on the statement.

■ This Court has rather consistently recognized that when a confession is elicited from a criminal defendant by representations of one in authority calculated to foment hope in the accused, such a confession is a type of coerced confession and cannot be deemed voluntary and is thus not admissible into evidence. The general rule is summarized in syllabus point 7 of *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982), as follows:

> "When the representations of one in authority are calculated to foment hope or despair in the mind of the accused to any material degree, and a confession ensues, it cannot be deemed voluntary." Syllabus, *State v. Parsons*, 108 W.Va. 705, 152 S.E. 745 (1930).

*See also, State v. Hanson*, 181 W.Va. 353, 382 S.E.2d 547 (1989); *State v. Adkison*, 175 W.Va. 706, 338 S.E.2d 185 (1985); and *State v. Harman*, 174 W.Va. 731, 329 S.E.2d 98 (1985).

The Court has also held that a promise of immunity from prosecution, even when made by a prosecuting attorney, rather than by a court as required by *W.Va.Code*, 57-5-2, is the type of inducement which will render a subsequent confession based on such promise involuntary and, therefore, inadmissible in evidence against the defendant at trial. *State v. Hanson, supra.*

Further, procedurally, it is generally recognized that:

> Habeas corpus is an appropriate remedy to challenge a conviction based on a confession which, because coerced, was obtained in violation of the Fifth and Fourteenth Amendments. This is true regardless of the truth or falsity of the confession, and whether or not there is ample evidence aside from the confession to support the conviction.

39 Am.Jur.2d *Habeas Corpus* § 54 (1968). *See also, Flournoy v. Peyton*, 297 F.Supp. 727 (W.D.Va.1969); *Pemberton v. Peyton*, 288 F.Supp. 920 (E.D.Va.1968); *Arthur v. McKenzie*, 161 W.Va. 747, 245 S.E.2d 852 (1978).

■ During the proceedings in the present case, substantial evidence was adduced relating to the remarks which the prosecuting attorney made to the appellant and the inducements which were extended to him for making a confession. The appellant testified that the prosecuting attorney told him:

> [N]ow, listen. Just go in there and cooperate with them and nothing will be held against you. He said, I'm gonna appoint Mr. Cunningham.... He said, now, I'm going to ask for the bond to be set at a very minimum that it can be and said, but just go in there and cooperate and nothing will be held against you. And he said, that way I can help you. He said, I can help you and everything. Said, everything will be all right. It won't be nothing to come of it.

To support this testimony, the appellant adduced the testimony of three other witnesses, Abishi C. Cunningham, the attorney who was appointed to represent him; Sidney H. Bell, who was at the time assistant prosecuting attorney of McDowell County; and Walter Lee Follrod, his brother-in-law, who was present when he met with the prosecuting attorney.

Mr. Cunningham, who stated that the prosecuting attorney had contacted him about representing the appellant and who had discussions with the prosecuting attorney in the presence of the appellant after the appellant gave the statement, testified:

"[I]t was my impression that he would have some leniency because of the statement he made." He also testified that he did not believe that the statement was going to be used against the appellant and that he was surprised when the statement was brought out during trial.

To support his position further, the appellant adduced the testimony of Sidney H. Bell, who was assistant prosecuting attorney at the time the defendant gave his confession. Mr. Bell testified:

[I]t's my recollection that Mr. Justice was assured several times that if he would cooperate and provide information to us, that he would be taken care of, that he had nothing to worry about and it was on those conditions that, that he agreed to give a statement.

Mr. Bell also indicated that the prosecuting attorney had made representations about the non-usage of the statement. When questioned whether the prosecutor had promised the appellant immunity, Mr. Bell testified:

[A]s you know, a Prosecutor has no right to grant immunity without the Court's approval of that, but I do recall that Mr. Camper assured Mr. Justice in layman's terms that he, in effect, had nothing to worry about, that if he cooperated, he would be taken care of, so to speak.

The evidence showed that the prosecutor had offered the appellant a plea bargain under the terms of which the prosecutor agreed to waive most of the charges against the appellant if he would plead guilty to two counts. Assistant Prosecutor Bell admitted on the stand that possible lenient treatment might involve plea bargaining, but he also testified that it was his understanding that the appellant would be "let off the hook." He stated that, in his opinion, a plea bargain involving guilty pleas would not involve letting the appellant "off the hook," since almost certainly under such a bargain the appellant would have to go to the penitentiary.

The appellant also adduced the testimony of Walter Lee Follrod, his brother-in-law, who was present during the conversations with the prosecuting attorney. Mr. Follrod stated that the prosecuting attorney indicated that he was seeking a statement from the appellant to aid in his prosecution of certain other individuals. According to Mr. Follrod, "He said this is to help their case, not against Milton." Mr. Follrod also indicated that the prosecuting attorney said that the appellant's statement would not be used against him.

In the course of the proceedings, the prosecuting attorney testified that he did not promise the appellant immunity. He did tell the appellant that he needed a lawyer, and he suggested Abishi Cunningham as a possible attorney. The prosecuting attorney also testified that he disagreed with Assistant Prosecutor Sidney Bell's recollections of the remarks and understandings involving the appellant. He denied that he ever said that a statement would not be used.

The testimony of State Trooper J.J. Miller and Deputy Donald L. Hicks, the officers who actually took the statement, but who had not been present during the appellant's conversations with the prosecuting attorney, indicated that in conjunction with the taking of the statement, the appellant was advised of his rights and signed a waiver of those rights. Trooper Miller testified that the appellant was told, as a part of the waiver, that any statement taken could be used against him in a court of law. Officer Hicks testified that he believed that he had read the waiver of rights to the appellant and that it was his opinion that the appellant had not been promised anything.

This Court believes that the preponderance of the evidence shows that the appellant was offered some form of leniency in exchange for his statement. The appellant himself testified that there was such an offer, and remarks were made to him to the effect that he had nothing to worry about. The appellant's attorney, who was an officer of the court, testified that he believed that the statement would not be used and that, quite frankly, he was surprised when it was brought forth during trial. Perhaps more significantly, the assistant prosecuting attorney, Sidney Bell,

who, because of his position on the other side of the case, was adverse to the appellant during the investigation, testified that it was his recollection that the appellant had been assured several times that if he cooperated with the authorities and provided information, he had nothing to worry about. A further examination of his testimony, while not definitively showing that the defendant was promised that the statement would not be used, suggests that the overall understanding was that the appellant would be "let off the hook." In effect, steps would not be taken which would result in the appellant being sent to the penitentiary.

The overall evidence rather clearly suggests and shows that the appellant's confession was elicited by remarks by one in authority calculated to foment hope in the mind of the appellant. Under the holding in *State v. Persinger, supra,* it cannot be deemed voluntary, and the Court concludes that it was improperly admitted during the appellant's trial.

Under the circumstances, this Court concludes that the appellant's conviction was improperly and unconstitutionally obtained and that the appellant is entitled to relief from that conviction and confinement.

The Court notes that retrial is not ordinarily precluded by discharge in habeas corpus, though on retrial any use of the appellant's confession or evidence derived through use of it would be inadmissible. *See, State ex rel. Morris v. Mohn,* 165 W.Va. 145, 267 S.E.2d 443 (1980); *Rhodes v. Leverette,* 160 W.Va. 781, 239 S.E.2d 136 (1977).

For the reasons stated, the judgment of the Circuit Court of McDowell County is reversed, and the appellant's conviction is declared a nullity.

Reversed.