708

# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Daryl Matthew Berman

December 4, 2002

Case No. (Criminal) 14930

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on November 15, 2002, for hearing on the Defendant's Motion to Suppress two statements he made to Investigator Bobbi Ochsman of the Loudoun County Sheriff's Department on March 15, 2002, on the grounds that (1) the statements were not made voluntarily and (2) he was not properly advised of his *Miranda* rights prior to making the statements. At the conclusion of the hearing, for the reasons stated in open court, I found his statements to have been made voluntarily. I took the second ground under advisement and requested a transcript of the witnesses' testimony.

After reading the transcript of the hearing and considering the argument of counsel, for the reasons stated below, I find that the defendant was properly advised of his *Miranda* rights.

Accordingly, the Motion to Suppress is denied in its entirety.

The Defendant argues that Ochsman did not properly advise him of his right to counsel under *Miranda*. Only the facts pertinent to this issue need be stated herein, and they are summarized below.

In early 2002, the Defendant was sentenced for another conviction in this Court. He was allowed to serve the sentence in the work release program of the Sheriff of Loudoun County. Sometime prior to March 15, 2002, the Defendant was removed from the work release program because of an incident

at his place of employment. He was transferred from the work release center to the adult detention center. He requested that someone come talk to him about his removal from work release.

On March 15, 2002, Ochsman went to the adult detention center to speak to the Defendant about her investigation into the alleged criminal activity at the Defendant's place of employment while he was in the work release program. The Defendant was taken from his cell to the law library of the adult detention center where Ochsman was waiting for him. After introducing herself to the Defendant, Ochsman orally advised the defendant of his rights under *Miranda*. Specifically, she said to the Defendant the following:

> You have the right to remain silent. Anything you say can and will be used against you in court. You have the right to have an attorney. If you cannot afford an attorney, one will be provided for you by the Court. You can answer questions without an attorney present, stop answering questions at any time. Do you understand these rights?

In response to the last question, the Defendant said he understood his rights. Ochsman then proceeded to discuss the incident at the Defendant's place of employment with him. During this discussion, the Defendant made two statements. One statement was to the effect that the incident was "the one and only time that ever happened" and the second statement was "there's a story to this." The Defendant seeks to suppress these statements.

The Defendant's position is that Ochsman did not advise him that he had the right to consult with an attorney prior to any interrogation and the right to an attorney being present during the interrogation. He argues that Ochsman's telling him that he has the right to have an attorney, that if he cannot afford an attorney, one will be appointed for him by the Court, and that he can answer questions without an attorney present, but can stop answering questions at any time is insufficient under *Miranda*.

I do not agree with the Defendant.

In his argument, counsel for the Defendant cites *Pemberton v. Peyton*, 288 F. Supp. 920 (E.D. Va. 1968), for the proposition that there are five basic *Miranda* warnings including the right to consult with a lawyer prior to interrogation and the right to have a lawyer present during the interview or interrogation. While the opinion of a federal district court in *Pemberton* does allude to these two warnings as being part of *Miranda*, I do not think that the original *Miranda* decision and its progeny require these two specific warnings

710

to be given. The appropriate mandated warning is merely that the defendant has the right to the presence of an attorney. Telling a defendant that he has the right to have an attorney is the functional equivalent of telling him he has the right to the presence of an attorney.

The United States Supreme Court in *Miranda v. Arizona* held that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subject to questioning, he:

> must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that, if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires.

384 U.S. 436, 479 (1966).

These "now-familiar warnings," *Rhode Island v. Innis*, 446 U.S. 291, 310 (1980), are actually four, not five, warnings. The United States Supreme Court reiterated these four warnings when it reaffirmed *Miranda* in *Dickerson v. United States*, 530 U.S. 428 (2000). The Virginia Court of Appeals recognized that there are four *Miranda* rights in *Wilkins v. Commonwealth*, 37 Va. App. 465, 472 (2002).

When Ochsman told the Defendant that he had the right to have an attorney, he should have reasonably understood from that statement that he had the right to consult with an attorney before being questioned as well as the right to have an attorney present during questioning. In fact the Defendant acknowledged the latter when he testified, "She [Ochsman] did say after she asked if I wanted to talk to her that I don't have to talk to her and that I am allowed to have an attorney present."

The *Miranda* decision does not prescribe the exact words that must be used in warning a defendant. *See Miranda*, 384 U.S. at 467. The two specific warnings suggested by the Defendant are included in the right to the presence of an attorney. If a defendant has the right to the presence of an attorney, then he has the right to consult with an attorney prior to questioning and the right to an attorney's presence during questioning. A reasonable person would understand this. The standard for determining the adequacy of the warnings is an objective one. While it might be better practice to advise a suspect of the two rights suggested by the Defendant so as to avoid any potential problem as raised in this case, I feel that, on the whole under all the circumstances, the defendant was adequately advised of his rights under *Miranda*.

There is no distinction between telling a defendant that he has the right to have an attorney as opposed to the right to the presence of an attorney. If there is a distinction, I think that Ochsman's telling the Defendant that he has the right to have an attorney is broader than merely telling him that he has the right to the presence of an attorney. A defendant might construe "presence" to mean that the attorney need only be physically present during questioning. If a defendant is told that he has the right to have an attorney, then he understands that he can have an attorney for advice concerning the questioning, whether before or during questioning.

The Defendant was told prior to any question being asked by Ochsman that he had the right to have an attorney. There is no need to again tell the Defendant that he has the right to consult with an attorney prior to questioning. *Miranda* does not require such redundancy. *See Poyner v. Commonwealth*, 229 Va. 401, 408 (1985). If a defendant is told prior to questioning that he has the right to have an attorney, then he must reasonably understand that he has the right to consult with an attorney prior to the interrogation as well as having the attorney present during the interrogation.

Under all the circumstances of this case, the Defendant was adequately advised of his rights under *Miranda*. The Motion to Suppress is denied.